IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TIMOTHY WHITWORTH**, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. **3:10-CV-1134-L** |
| | § |
| **MOUSER ELECTRONICS, INC.**, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss, filed August 6, 2010. After careful consideration of the motion, response, reply, briefs, record, and applicable law, the court **denies without prejudice** Defendant's Motion to Dismiss.

**I.   Background**

Timothy Whitworth ("Plaintiff" or "Whitworth") filed this action against Mouser Electronics, Inc. ("Defendant" or "Mouser") on June 7, 2010. He contends that Mouser discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and that Mouser discriminated against him because of his gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff contends that Mouser violated both statutes when it terminated him on February 17, 2009. Mouser has moved to dismiss Plaintiff's Original Complaint ("Complaint") for failure to state a claim upon which relief can be granted.

**Memorandum Opinion and Order - Page 1**

## II. Standards

### A. Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain allegations of facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

## III. <u>Analysis</u>

Mouser contends that Plaintiff's Complaint fails to plead facts to support the elements required to demonstrate that he was discriminated against because of his age or gender. As a result, Mouser contends that Plaintiff fails to provide it or the court with notice of the factual basis for his claims against Mouser. Whitworth counters that he has sufficiently pleaded claims for age and gender discrimination. The court disagrees.

The case most applicable to Defendant's motion is *Swierkiewicz v. Sorema*, N. A., 534 U.S. 506 (2002). Equally important is that, while Plaintiff relies heavily on *Swierkiewicz*, the pleadings in *Swierkiewicz* are much more specific than they are in this action.* Plaintiff is silent on this point.

---

*The factual allegations as set forth by the Supreme Court in *Swierkiewicz* were as follows:

> Petitioner Akos Swierkiewicz is a native of Hungary, who at the time of his complaint was 53 years old. In April 1989, petitioner began working for respondent Sorema N.A., a reinsurance company headquartered in New York and principally owned and controlled by a French parent corporation. Petitioner was initially employed in the position of senior vice president and chief underwriting officer (CUO). Nearly six years later, François M. Chavel, respondent's Chief Executive Officer, demoted petitioner to a marketing and services position and transferred the bulk of his underwriting responsibilities to Nicholas Papadopoulo, a 32-year-old who, like Mr. Chavel, is a French national. About a year later, Mr. Chavel stated that he wanted to "energize" the underwriting department and appointed Mr. Papadopoulo as CUO. Petitioner claims that Mr. Papadopoulo had only one year of underwriting experience at the time he was promoted, and therefore was less experienced and less qualified to be CUO than he, since at that point he had 26 years of experience in the insurance industry.
>
> Following his demotion, petitioner contends that he "was isolated by Mr. Chavel . . . excluded from business decisions and meetings and denied the opportunity to reach his true potential at SOREMA." Petitioner unsuccessfully attempted to meet with Mr. Chavel to discuss his discontent. Finally, in April 1997, petitioner sent a memo to Mr. Chavel outlining his

**Memorandum Opinion and Order - Page 4**

In *Swierkiewicz*, the Court specifically held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id.* at 515. The court thus interprets *Swierkiewicz, Twombly, Iqbal* and Rule 8 to require that a complaint set forth the allegations in sufficient detail to provide fair notice of the nature of the claim and to state a right to relief "above the speculative level." Details beyond this threshold may be obtained through discovery or a motion for more definite statement. *Swierkiewicz*, 534 U.S. at 512-14. While it is true that an employment discrimination plaintiff is not required to prove a prima facie case of discrimination, this court has little pause in concluding that the Complaint in this case falls far short of existing precedent.

Other than setting forth a few rudimentary facts, the allegations in Plaintiff's Complaint for age and gender discrimination are: "[o]f all the sales managers who reported to Mark Burr-Lennon at the time of Whitworth's termination, only one other was male"; "[o]ther similarly situated employees who were under 40 years of age were treated differently than Whitworth"; "Whitworth's age at the time of his discharge was 41, thus he is a member of the protected class under the ADEA"; and "Whitworth, a male, is a member of a protected class under Title VII." Pl.'s Compl. ¶¶ 4.05, 4.06; 6.01, and 7.01. All other allegations regarding alleged discrimination are conclusory and speculative. There is insufficient factual content in Plaintiff's Complaint that would allow the court to draw the reasonable inference that Mouser is liable for the allegedly unlawful conduct. As such, the Complaint's factual allegations are not sufficient to raise a right to relief above the speculative

---

grievances and requesting a severance package. Two weeks later, respondent's general counsel presented petitioner with two options: He could either resign without a severance package or be dismissed. Mr. Chavel fired petitioner after he refused to resign.

*Swierkiewicz v. Sorema*, 534 U.S. 506, 508-09 (2002).

level. The allegations of alleged unlawful conduct do not provide minimum notice to Defendant or the court of the factual basis for the claims of age and gender discrimination. As previously stated, the level of specificity in Plaintiff's Complaint is far less specific than that in *Swierkiewicz*. Accordingly, the allegations in Plaintiff's Complaint fail the necessary test to comply with Rule 8 and to defeat a Rule 12(b)(6) motion.

As now pleaded, the Complaint is subject to dismissal; however, rather than dismiss the Complaint, the court will allow Plaintiff the opportunity to amend his Complaint to bring it into compliance with the standards set forth in section II of this opinion. Although Defendant does not believe Plaintiff should be allowed to amend because he has not requested to do so, the position taken by Defendant is correct only if, as a matter of law, Plaintiff could not amend to state a claim upon which relief could be granted. In other words, if it would be futile to amend because of some legal hurdle encountered by Plaintiff, the court would agree that he should not be allowed to amend. In this case, however, the court determines that Plaintiff's Complaint fails to state a claim because of insufficient factual allegations, which could be cured if sufficient facts are alleged in the amended pleading, and Plaintiff, having not previously amended, should be given an opportunity to correct his factually deficient Complaint.

## IV.     Conclusion

For the reasons herein stated, the court determines that Plaintiff's Complaint falls short of the requirements of Rule 8 and those necessary to defeat a motion to dismiss under Rule 12(b)(6). Rather than dismiss the complaint, the court believes the better legal approach is to allow Plaintiff an opportunity to amend. Accordingly, the court **denies without prejudice** Defendant's Motion to Dismiss; and **orders** Plaintiff to file his first amended complaint by **November 22, 2010**, in

accordance with the standards set forth in section II of this opinion. Further, should Plaintiff fail to file an amended pleading by the required date, the court will dismiss this action pursuant to Rule 41(b) or Rule 12(b)(6).

**It is so ordered** this 8th day of November, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge